bench," etc. Those of the following cases not decided by a full bench are noted by the words, "By two Judges." All dated prior to and on the 12th of February were before WARNER, C. J., and McCAY, J., only. All dated after the 12th of February and up to the 12th of March, including that date, were before McCAY, J., and MONTGOMERY, J., only. Those without dates were before a full bench, unless otherwise stated.

REPORTER.

E. J. LEWIS, plaintiff in error, vs. A. M. HUDSON, defendant in error.

(BY TWO JUDGES.)—1. To render words actionable *per se*, it is not necessary that they should, in express words, charge another with a crime punishable by law; it is sufficient if they impute a crime, in such terms as that the hearers understand that this is what is meant.

2. When the words themselves are actionable, as imputing a crime, an *innuendo*, indicating in plainer language what crime was meant, is unnecessary and may be rejected as surplusage. 12th February, 1872.

Slander. Pleadings. Before Judge KNIGHT. Forsyth Superior Court. August Term, 1871.

Evelina J. Lewis averred that A. M. Hudson, wickedly intending to defame and injure her in her good name, fame and credit, heretofore, to-wit, on the fifteenth day of May, in the year of our Lord eighteen hundred and sixty-nine, in the county aforesaid, in a certain discourse which he then and there had of and concerning her, did, in the presence and hearing of divers persons, maliciously and falsely speak and publish of and concerning her the following false, scandalous and defamatory words—that is to say : "Mrs. Lewis would not suit me," (meaning that she, who is an unmarried female, would not suit him for a wife,) that "she was too thick with the Coroner," (meaning thereby that she was guilty of illicit criminal sexual intercourse with Henry C. Kellogg ;) "she, some time back, was seen at the chicken coop of McAfee & Kellogg, with her clothes up, with a man," (meaning and intending thereby to charge her with the debasing crime of adultery and fornication with Henry C. Kellogg, a married

man, and expose her upon such false charge to the contempt of the upright and virtuous.) "A certain party (meaning her) employed me (meaning him, the said A. M. Hudson) *to buy her a magnetic conception preventive,* (meaning a certain magnetic agent or instrument said to be used by the debauched and infamous in their guilty amours) and I *wrote for it and sent the money. I received the magnetic agent* or *instrument,* and supplied the party, (meaning that he supplied her with said instrument or agent.) I (meaning said A. M. Hudson) *handed it to her.* She *knew more about it* than I (meaning himself) did. She called it by its current medical name— knew who manufactured it, and from whom I procured it. The reason why she knew so much about it was, in my opinion, because she had been using it, (meaning and intending thereby to charge that she was guilty of fornication, and had used the infamous means of concealing it and preventing pregnancy.)   One night I was standing in the corner of her chimney. She, Bud and McHaffy, (meaning her, her youngest son, Major J. Lewis, and James McHaffy,) were sitting around the fire. Bud (meaning the son of your petitioner) got up and went out, and then she got up and went and sit down in McHaffy's lap and laid her arms around his neck and kissed him. I heard Bud's footsteps coming back, and she jumped up (meaning out of McHaffy's lap) and sat down in a chair. After talking a little while she retired to her room, and after awhile Bud and McHaffy went to bed, and after awhile I heard her say, Bud! Bud! Bud! three times. Bud made no answer; that was the signal for McHaffy to come to her room. I heard him (meaning the said James McHaffy) stumble or fall over a chair, (meaning and intending thereby to charge her with the guilt and crime of fornication with the said James McHaffy, a single man.)   One night about nine o'clock I saw Colonel Kellogg come out of his parlor and go on down (meaning down the street) with Mrs. Lewis, or with her like she was going home. When they got opposite the offices (meaning the offices formerly

occupied by W. A. Lewis and George N. Lester, on the public square) they (meaning the said Colonel Kellogg and her) stopped. I stopped to see her pass. I then heard footsteps going back towards Kellogg's. He (meaning Colonel Kellogg) went into the room between the parlor and the store, (meaning a certain room fronting on the public square in the house occupied by said Kellogg.) I thought that she was secreted between the offices. I searched for her particularly, but could not find her; believed that she had gone back with Colonel Kellogg and gone into the room with him," (meaning and intending thereby that your petitioner was guilty of the crime of adultery and fornication with the said Henry C. Kellogg.)

And your petitioner further sheweth, that the said A. M. Hudson has for months spoken and published of and concerning her, other base and infamous slanders and falsehoods, and has continued to utter, speak and publish them, wickedly, falsely and maliciously intending to defame and disgrace, degrade and wrong her.

By means of all which said grievances she has been damaged the sum of $10,000 00. Wherefore, etc.

This declaration was demurred to and dismissed upon the ground that it contained no cause of action. That is assigned as error.

H. P. BELL; G. N. LESTER; J. R. BROWN; J. S. CLEMENTS, for plaintiff in error.

J. N. DORSEY; HENRY JACKSON & BROTHER, for defendant. Slander: R. Code, sec. 2926. Words not libellous are not made so by *innuendo:* 13 E. C. L. R., 128; 1 Burney's R., 537; 5th, 218; 4 Conn. R., 35; 5 John's R., 211, 188; 54 Maine R., 389; 4 Ga. R., 364. Words to be actionable *per se* must impute a crime: 21 Ga. R., 399; 26th, 423; 34th, 433. Criminality must certainly appear from the words: Starkie on S., 80. Greater precision required in modern times: *Ibid,* 79.

McCay, Judge.

1. Whatever may be the rule at common law, or in the other States, in Georgia it is actionable, orally to impute to another a crime *punishable* by law: Revised Code, 2926. But our law goes further than this, and further, I think, than has been gone in any other State or country adopting the common law. In this State it is actionable to charge one with being guilty of *any debasing act* which may exclude him from society : Revised Code, sec. 2926.

We think the words set forth in this declaration are actionable. Perhaps this is not true of each particular sentence, but we think several of the sentences set forth are within the definition of the Code of oral slander. Indeed, we think this is true of all the sentences except the first, and had the declaration contained any *colloquium* authorizing the *innuendo* in reference to the word "corner," we think even that sentence actionable. A female guilty of the debasing act charged to have occurred at the chicken coop, would find but little countenance even among the low and vicious—since even among them there is still generally left some remains of at least the form of decency. If an act so debasing as this is not covered by the clause of the Code we have referred to, it would seem difficult to say what act is. The statements made in reference to what is said to have occurred when the defendant was couched in the corner of the chimney spying the actions of the plaintiff and her guest, if true, would go far to sustain an indictment for fornication. The same may be said of what defendant is charged to have uttered as the results of his other watch, upon the actions of the plaintiff as she was returning home from the house of a neighbor under his escort. And if any man of ordinary comprehension could hear the charge as to what is said to have taken place between the plaintiff and defendant in reference to the magnetic preventive, and not suppose there was an intent to charge her with fornication, we are much mistaken.

Lewis *vs.* Hudson.

It is not necessary, to slander, that there should be an express *charge* of crime. The words may impute the crime indirectly, by question. They may consist of a statement of facts, which, if true, lead the hearer to believe the crime has been committed : 2 Wend., 534 ; 2 Nev. & M., 551, 2 Hill, 510. Indeed, the statement of a set of pretended facts, producing, if believed, the conviction that one has been guilty of a particular crime, is, in truth, a more damaging accusation than a mere general charge of the crime. It is " a lie with the circumstance," and has a point and a pungency more galling than a simple lie. It is, too, more apt to be believed, since the detail and apparent caution of the narrator give an impress of truth to what is said. We doubt if there can be found a man or woman in Georgia, who, after hearing these words, would say he did not think it was the intent of the defendant to charge the plaintiff with fornication. And, as we think this is the natural necessary import of the words themselves, without any *innuendo* or *colloquium*, except the statement that the plaintiff is a woman, the fact that the charge is not made in terms, but by stating as facts, occurrences, which, if true, lead almost irresistibly to the conclusion that the plaintiff did commit fornication—only makes the matter worse, only gives the charge an air of greater truth, and only displays a greater malignity and more deliberate wickedness.

2. We think the *innuendo* surplusage. The words themselves, in all the sentences except the first, *impute* a crime. The general rule is, that if the words are themselves actionable, the *innuendo* may be rejected as surplusage : 15 Pick., 335 ; 6 Grattan, 534 ; 1 Denio, 360 ; 1 Cr. & M., 1 ; 2 Rich., 242 ; *Giles vs. The State*, 6 Ga., 276 ; 7 John., 264 ; 25 Wend., 621. We have looked into the case quoted in one of the cases read by counsel for defendant in error, to-wit : 3 Campbell's R., 460. In that case the words were not actionable *per se.* They needed an *innuendo.* And the plaintiff was held to the particular crime he had alleged, as intended to

be imputed.   In the case at bar, we think the words actionable *per se,* and the *innuendo* surplusage.

Judgment reversed.