## WITHAM v. ATLANTA JOURNAL.

1. Although in the headline over a newspaper article, wherein a named bank is stated to have made an assignment, owing to its failure to meet. its obligations, the surname of an individual having no connection with such bank may be used as an adjective descriptive of the bank named in the body of the article, yet if the publication, in plain and unambiguous. terms, refers to the bank, and does not refer to such individual, or his trade, profession, or business, except by thus using his surname, the meaning of the published words can not be enlarged or extended by in- nuendo, so as to give him a cause of action for alleged libel, in the· absence of an allegation of special damage.

2. To publish falsely of another that there are criminal cases pending· against him is libelous per se.

Argued June 23, 1905.—Decided January 13, 1906.

Action for libel.   Before Judge Reid.   City court of Atlanta., September 22, 1904.

This action was. brought by W. S. Witham against the Atlanta. Journal.   After a jury had been impaneled, and before any evidence· was introduced, the defendant made an oral motion to dismiss the petition, which was sustained, and the plaintiff excepted.   The al- leged libelous language declared on constituted an article in a news- paper published by the defendant in Atlanta, and, including head-- lines, was as follows:

"WITHAM BANK AT BARNESVILLE ASSIGNS.

"People's Bank has made an Assignment following Failure to pay Deposit Certificates.

"(Special Dispatch to The Journal).

"Barnesville, Ga., Jan. 6.—The People's Bank has made an assignment to Mr. E. Rumble and A. A. Murphy, following its failure to meet the certificates which fell due January 1, given on its plan of reorganization in January, 1902. The records show that the assignment was filed with the clerk of Pike Superior Court at Zebulon, Saturday, January 3, 1903, at 11:30 o'clock P. M. After all efforts had failed Saturday to secure money with which to pay the bank's obligations, as per promise of its reorganizers, the assignment was decided upon by the bank officials after a consultation with some of the creditors. It is understood that the assignment is satisfactory to the holders of the certificates. While everybody here regrets the new turn affairs have taken, there is little excitement over it. Efforts will be made to yet reach a settlement without having any extensive litigation, as all the parties at interest seem to be satisfied to have as little litigation as possible. Judge Howard Van Epps, of Atlanta, and Colonel R. L. Berner, of Forsyth, were in the city today representing W. S. Witham, and it is understood that a proposition has been made looking to a settlement of the civil [and] criminal cases pending against Witham, growing out of his connection with the old Barnesville Savings Bank."

It was alleged that all of this publication was false, malicious, and libelous, and that it was "of and concerning petitioner." It was further alleged, that, at the time of the publication in question, the plaintiff, Witham, was president of nineteen banks located throughout the State of Georgia, and financial agent of eleven other such banks; that all of these banks were commonly known as "Witham banks," and that no other Witham in Georgia is connected in the public mind with the term "Witham bank." The publication complained of meant, and intended the public to understand, that the People's Bank therein referred to was a "Witham bank," and that this one of the Witham banks had made an assignment on account of its failure to meet the demands of holders of certificates of deposit, when as a matter of fact the plaintiff had no connection whatever with the People's Bank, owned no stock in it, held no office in it, and had no interest in its success or failure; and the

44

charge in the newspaper article that it was a "Witham bank" was recklessly false, malicious, and libelous, and, owing to the large circulation of the newspaper, has worked irreparable damage to the plaintiff, "subtle and intangible in its nature, and not capable of accurate itemization or of special proof." Plaintiff is connected, either as president or financial agent, or both, with thirty banks doing business in Georgia, all of which are known by the public and commonly designated as "Witham banks," and, by reason of his financial connection with banks in New York and other money centers, he is enabled freely to command the necessary funds for the use and protection of his banks, all of which are upon a solid foundation and being successfully operated, "save that their confidence in petitioner will necessarily be impaired, and the public favor withdrawn from him by reason of said publication." Such a publication, in a newspaper of such extensive circulation as the one published by the defendant, "naturally and inevitably tends to shake public and general confidence in the system of banks operated and controlled by petitioner in the State of Georgia, or with which his name is connected, and to deter depositors from depositing in any one of the Witham banks, or to cause them to withdraw their deposits already made, and to create suspicion and distrust in the minds of creditors, such as to incline them to precipitate and press their claims;" and by reason of petitioner's financial connection and business employment, "the publication by the defendant of the false and malicious article aforesaid tends naturally and inevitably to impair his credit, impair or destroy the public confidence in him, and in part at least to injuriously affect and destroy his ability to retain his present employment, or to receive remunerative compensation for his labor in the future, to petitioner's general damage in the sum of fifty thousand dollars."

*Howard Van Epps,* for plaintiff.
*Rosser & Brandon,* for defendant.

FISH, C. J. (After stating the facts.) We think it clear from the language of the publication, that, with the exception of the concluding sentence thereof, no statement of fact therein was made of and concerning the plaintiff as an individual; and that it contained no charge on the plaintiff, in reference to his business or trade. The use of the plaintiff's surname as an adjective descriptive of the par-

ticular bank which was alleged to have assigned was merely inci-
dental to the charge made in the article against the bank. It was
not charged that the plaintiff had assigned, which might have
amounted to a libel, if he had been engaged in business as a private
banker, or otherwise, where his success was dependent upon his
financial credit. Nor was it alleged that the plaintiff's bank had
assigned, which, if he had owned and operated a bank, might be
construed to be a charge on him in reference to his trade or business.
But the charge was that "Witham Bank at Barnesville assigns;"
and there is nothing in the petition, which shows that Witham
owned any bank at Barnesville, or even elsewhere. The effect of the
allegations in the plaintiff's petition is, that as he was connected,
either as president or financial agent, with thirty banks in this
State, the use in a newspaper publication of his surname to describe
the Barnesville bank alleged therein to have assigned was a charge
on him in reference to his business, which naturally tended to impair
his credit and destroy public confidence in him as a business man.
Granting, as the innuendo alleges, that the publication meant that
a bank at Barnesville, of which the plaintiff was either president or
financial agent, had failed, still it seems to us clear that the charge
in the publication was against the bank, and not against the plain-
tiff either personally or in reference to his business. We apprehend
that if the plaintiff had been president of this very bank and the
allegation as to its having made an assignment had been untrue,
the right of action for the libel would have been in the corporation,
and not in the plaintiff. The libel would be on the corporation, and
not on its president. There would be no charge on the person who
happened to be president of the bank, in reference to his trade,
office, profession, or business. How then can the mere written inti-
mation that the plaintiff was president, financial agent, or otherwise
closely connected with a bank alleged to have failed, amount to a
charge on him in reference to his trade or business? Suppose the
charge had been that "The People's Bank at Barnesville, of which
W. S. Witham is president," or, "The People's Bank of Barnesville,
of which W. S. Witham is financial agent, has assigned;" would
Witham have had a cause of action based upon the falsity of the
statement that he was president, or financial agent, of this bank, un-
less he had suffered special damage by reason of the publication?
We think not. Words to be actionable per se, as tending to injure

the plaintiff in his trade, profession, or business, must contain a charge made on him in reference to such trade, profession, or business.    Civil Code, § 3837; *Van Epps* v. *Jones, 50 Ga.* 240.    The language which we are now discussing contains no charge made on Witham of any character whatever.    For these reasons, we do not think that the plaintiff had any cause of action upon that portion of the newspaper article in reference to the alleged assignment of the People's Bank at Barnesville.    While it is alleged in the petition that the defendant "falsely and maliciously did publish of and concerning petitioner" the language in question, yet, as the demurrer only admitted what was well pleaded, and this allegation is not well pleaded in reference to this portion of the publication, which is not legitimately susceptible of this construction, such allegation is not aided by the demurrer. ·

2. But while the petition fails to show that the portion of the newspaper article in reference to the assignment of the People's Bank, at Barnesville, contains a libelous charge on the plaintiff in reference to his trade, profession, or business, it does show that the statement in reference to the plaintiff, with which the publication concludes, if false, as the petition alleges, is libelous per se, as it in effect charges that there are "criminal cases pending against Witham, growing out of his connection with the old Barnesville Savings Bank." This is equivalent to imputing to the plaintiff crimes punishable by law, and, under our code, such an imputation, if false, is actionable per se.    Civil Code, § 3837.    It matters not that the article failed to mention what particular crimes were charged against the plaintiff, in the criminal cases alleged to be pending against him.    The charge that there were "criminal cases pending against Witham, growing out of his connection with the old Barnesville Savings Bank," necessarily implied that there were crimes charged against him which were punishable by law.    "To render words actionable per se, it is not necessary that they should, in express words, charge another with a crime punishable by law; it is sufficient if they impute a crime, that the hearers understand that this is what is meant." *Lewis* v. *Hudson,* 44 *Ga.* 568.    Besides, this is an action for libel, which, according to the definition given by our code, "is a false and malicious defamation of another, expressed in print, or writing, or pictures, or signs, tending to injure the reputation of an individual, and exposing him to public hatred, contempt,

or ridicule." Civil Code, §3832. "A publication coming within this definition is actionable without any averment of special damage." *Holmes* v. *Clisby*, 118 *Ga.* 820, 822. It is clearly apparent from the language now under consideration that the statement therein contained tended to injure the reputation of the plaintiff, and to expose him to public hatred or contempt; and it was therefore actionable without any allegation of special damage arising therefrom.

Counsel for the defendant in error state, in their brief, that this last paragraph of the publication "is not claimed by petitioner to be libelous," and that he "bases his entire cause of action on the fact that the People's Bank of Barnesville was also designated as the 'Witham Bank.'" While it is true that the argument of counsel for the plaintiff in error, in this court, has been directed to establishing the proposition that the plaintiff had a cause of action for the publication of the portion of the article in reference to the assignment of the People's Bank, and nothing has been directly said by him as to a cause of action arising merely from the last paragraph of the publication, yet as the whole of the article is alleged to be libelous, and this portion thereof is referred to by counsel for plaintiff, in his brief, we can not say that the plaintiff has admitted that he does not rely for a recovery upon the language of this paragraph; and therefore we have felt bound to deal with it in deciding the question raised by the demurrer.

It follows that the petition was not, as a whole, subject to a general demurrer, and that the court erred in sustaining the motion to dismiss it.

*Judgment reversed. All the Justices concur, except Beck, J., not presiding.*