## WEATHERHOLT *v.* HOWARD.

BECK, J. 1. In a suit to recover damages for the publication of a libel, while the publication in terms designated a certain named company, it was competent for the plaintiff, under proper allegations by way of innuendo, to show that he formerly owned and did business under the name of the company designated, that this was a trade-name of which the plaintiff's individual name was a component part, and that the statements alleged to be libelous in fact referred to the plaintiff and imputed insolvency to him.

2. The fact that the plaintiff, who at one time was doing business under a trade-name of which the plaintiff's individual name was a component part, had sold the trade-name and the good will to the defendant, did not authorize the defendant to falsely publish libelous matter which imputed and suggested that the plaintiff was insolvent and in pecuniary difficulties.

3. While language used in a publication charging the plaintiff with being insolvent, and that he "is in pecuniary difficulties and forced to retire from business at the instance of defendant as a creditor of plaintiff," was not of such character as to authorize the court to instruct the jury as a matter of law that it was libelous, yet it would be proper to submit to the jury as a question of fact, under appropriate instructions, in case the evidence should authorize it, whether the language referred to was libelous or not. *Beazley* v. *Reid,* 68 *Ga.* 380; Odgers on Libel and Slander (5th ed.), 17, 18; Cox *v.* Lee, L. R. 4 Ex. 284; *Pavesich* v. *In-*

*surance Co.,* 122 *Ga.* 190 (50 S. E. 68, 69 L. R. A. 101, 106 Am. St. R. 104, 2 Ann. Cas. 561); *Holmes* v. *Clisby,* 118 *Ga.* 820 (45 S. E. 684).

4. If the language is libelous per se and the jury should so find under proper instructions from the court, the plaintiff would be entitled to recover general damages, without proof of special damages.

5. The plaintiff would not be entitled, without showing that he was in business at the time of the libelous publication, to recover general damages because of such publication, unless the matter of publication was libelous per se. That is, he could not recover general damages on the ground that such publication was a charge on him in reference to his trade or profession, calculated to injure him therein. Nor could he recover general damages on the ground that such publication did injure him in his business, when he was not in business at the time of publication. Consequently, paragraph 15 of the petition, which alleges that subsequently to the publication the plaintiff re-entered business, and that the publications set forth in the declaration were intended to and did injure him in his business and in his character as a dealer in the goods which had formerly been handled ·by him when operating under the trade-name, did not set forth a ground of recovery and should have been stricken upon demurrer. Except as to the paragraph just referred to, the demurrers of the defendant were properly overruled. And while the judgment will not be reversed for overruling the demurrer to this paragraph, direction is given that the same be stricken from the petition.

*Judgment affirmed, with direction. All the Justices concur, except Fish, C. J., absent.*

JANUARY 16, 1915.

Action of libel. Before Judge Bell. Fulton superior court. October 28, 1913.

*Joseph W. & John D. Humphries,* for plaintiff in error.
*Hewlett, Dennis & Whitman* and *Felder & Coburn,* contra.