### 9183. MORRIS *v.* EVANS.

As the alleged defamatory words did not charge the commission of a crime, and were not for any other reason slanderous per se, and no special damage being alleged in the petition, the court did not err in sustaining the demurrer and dismissing the petition.

DECIDED MARCH 12, 1918.

Action for slander; from Whitfield superior court—Judge Tarver. July 7, 1917.

*Glenn & House, W. E. Mann,* for plaintiff.

*J. J. Copeland, Maddox, McCamy & Shumate,* for defendant.

HARWELL, J. Mrs. Victoria Morris brought suit against J. L. Evans for slander, alleging that he slandered her by saying that she had raised up her children to steal, brought them up to steal, that she had plotted to burn him out, and that he would heap coals of fire on her head in hell, for that was where she was going when she died. The petition alleged no special damages, the prayer being only for general damages in the sum of $5,000. General and special demurrers to the petition were sustained and the petition was dismissed.

If the alleged slanderous words properly come under the 4th subdivision of section 4433 of the Civil Code (1910), that is, "disparaging words productive of special damage flowing naturally therefrom," then it was essential to allege special damage; and, none being alleged in this case, the court did not err in sustaining the demurrer and dismissing the petition. "If merely fraud, dishonesty, immorality or vice be imputed, no action lies without proof of special damage." *Roberts* v. *Ramsey, 86 Ga.* 433 (12 S. E. 644); *Ford* v. *Lamb,* 116 *Ga.* 655 (42 S. E. 998). The words complained of do not charge the commission of a crime punishable by law. The most that can be said of the alleged

defamatory words is that they charge an intention to commit crime or to have others (her children) commit crime. "Oral defamation is generally more strictly construed than is libel, and yet even written words imputing a criminal disposition to another are not libelous per se. Spoken words showing merely an intention or disposition to commit crime in the future are not actionable since such intent constitutes no crime. . . Dickey v. Andros,. 32 Vt. 55. In the case last cited it was held not to be slander per se to say of another that he was going to start a house of ill fame, since the words only charge an intention to commit the offense." *Whitley* v. *Newman,* 9 *Ga. App.* 89, 97 (70 S. E. 686); 25 Cyc. 277 (8).

If the words spoken are plain and unambiguous and do not impute a crime, they can not be enlarged and extended by an innuendo. "The office of an innuendo is merely to explain the ambiguity, where the precise meaning of terms employed in the alleged slanderous statement may require elucidation. The true scope and meaning of the statement can not be enlarged or restricted by innuendo." *Whitley* v. *Newman,* supra; *Park* v. *Piedmont &c. Life Ins. Co.;* 51 *Ga.* 513; *Smith* v. *Wright,* 55 *Ga.* 220; *Spence* v. *Johnson,* 142 *Ga.* 267 (82 S. E. 646, Ann. Cas. 1916A, 1195).

We do not think the alleged defamatory words come under the second division of section 4433, supra,—that is, words "charging him with having some contagious disorder, or being guilty of some debasing act which may exclude him from society." In a sense, of course, anything contrary to good morals, or anything vicious, is debasing, but this expression in the code, "guilty of some debasing *act* which may exclude him from society," has reference, in our judgment, to those repulsive *acts* which would cause him to be shunned or avoided, just as having a contagious disease would cause one to be shunned or avoided. The ground of an action for words of this discription is the presumption that the party charged will be wholly or partially excluded from society by reason of the charge, and the rule that such oral words are actionable is one of the few exceptions to the general rule that oral words, to be actionable per se, must impute a crime involving moral turpitude punishable by indictment. 18 Am. & Eng. Enc. of Law (2d ed.), 930. See also Newell on Slander & Libel, § 215 et seo*

Odgers on Libel & Slander, 38, 51; Townsend on Slander & Libel, § 175; 25 Cyc. 326 (F).

Moreover, the petition refers to these alleged defamatory words, in several paragraphs, by stating that they "are crimes under the laws of Georgia, and the charge and imputation thereof were slanderous per se, and import damage to your petitioner." It was the evident purpose of the pleader to place these words under the first division of section 4433, supra,—that is, to treat them as charging a crime. The most that can be said is that the alleged slanderous words impute dishonesty and vice, but no action lies for this without allegation and proof of special damage; and, there being no allegation of special damage, the court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*