31259. BROWNLEE *v.* FORD.

DECIDED JUNE 6, 1946.

*W. L. Nix,* for plaintiff.

*Marvin A. Allison, Charles C. Pittard,* for defendant.

SUTTON, P. J.  J. A. Brownlee sued L. B. Ford for damages on account of the following alleged slanderous statements made of and about the plaintiff by the defendant: "That Albert Brownlee [the plaintiff] and DeWitt Brownlee had made threats to burn them out (meaning the tenants in a residence then occupied by such tenants), and that he wanted her and her husband (meaning the tenant and his wife) to be on the lookout at night, and if they heard their dog barking at night to get up and look around, for you never can tell."

The court sustained the general demurrer to the petition and dismissed the action, and the plaintiff excepted to that judgment.

The Code, § 105-702, defines slander as follows: "Slander, or oral defamation, consists, first, in imputing to another a crime punishable by law; or, second, charging him with having some contagious disorder, or being guilty of some debasing act which may exclude him from society; or, third, in charges made against another in reference to his trade, office, or profession, calculated to injure him therein; or, fourth, any disparaging words productive of special damage flowing naturally therefrom. In the last case, the special damage is essential to support the action; in the first three, damage is inferred."

The language alleged to have been used by the defendant does not impute to the plaintiff a crime punishable by law; nor does it consist in charges made against the plaintiff in reference to his trade, office, or profession, calculated to injure him therein. There is no allegation in the petition as to any special damage, and therefore it is lacking in the one essential necessary to support an action under the fourth division of the Code section. This leaves only the second subdivision of the section to be dealt with, viz: "charging him with having some contagious disorder, or being guilty of some debasing act which may exclude him from society." Do the alleged slanderous words come under this division of the Code section? We think not. They do not charge the plaintiff with having committed any act. At most, they charge only an intention to commit an act in the future. "Spoken words charging merely an intention or disposition to commit crime in the future are not actionable, since such intent constitutes no crime."

*Whilley* v. *Newman,* 9 *Ga. App.* 89, 97 (70 S. E. 686), and cit.; *Morris* v. *Evans,* 22 *Ga. App.* 11 (95 S. E. 385).

In the *Morris* case, the plaintiff alleged that the defendant slandered her by saying that "she had raised up her children to steal, that she had plotted to burn him out, and that he would heap coals of fire on her head in hell, for that was where she was going when she died;" and it was held that the petition did not set out a cause of action.

The case of *Elsas* v. *Browne,* 68 *Ga.* 117, cited and relied on by the plaintiff in error, is clearly distinguishable from the present case. There, a minister of the gospel was charged with collecting money for a specific object, and, instead of so appropriating it, with embezzling and applying it to his own wrongful uses. Also, the cases of *Sparks* v. *Bedford,* 4 *Ga. App.* 13 (60. S. E. 809), *Jones* v. *Poole,* 62 *Ga. App.* 309 (8 S. E. 2d, 532), *Kaplan* v. *Edmondson,* 68 *Ga. App.* 151 (22 S. E. 2d, 343), *Behre* v. *National Cash Register Co.,* 100 *Ga.* 213 (27 S. E. 986, 62 Am. St. R. 320), *Holmes* v. *Clisby,* 118 *Ga.* 820 (45 S. E. 684), and *Giddens* v. *Mirk,* 4 *Ga.* 364, are different on their facts and are without application to the present case.

The alleged defamatory words complained of in the present case do not come within the purview of any of the provisions of the above-quoted Code section, and therefore the court did not err in sustaining the general demurrer to the petition and dismissing the action.     *Judgment affirmed.     Felton and Parker, JJ., concur.*