34286.   SHELEY  *v.*  SOUTHEASTERN  NEWSPAPERS
INCORPORATED  *et  al.*

DECIDED NOVEMBER 8, 1952.

*Harris, Chance & McCracken,* for plaintiff in error.

*Hull, Willingham, Towill & Norman, Curry & Curry,* contra.

FELTON, J. The defendant in error contends that neither the article nor any portion thereof could in any way be so construed as to libel the plaintiff. We do not agree. The article could be interpreted as meaning that the plaintiff's house was painted knowingly without expense to the plaintiff and at the expense of the taxpayers, or it could have been interpreted to mean that, unknown to the plaintiff and due to no fault on his part, the painting was ultimately paid for by the taxpayers. The plaintiff alleges by innuendo that the article meant the

former. He alleges that the article charged him with being a common cheat and swindler and so held him out to the public and thus charged him with violating § 26-7410 of the Code. "Where, however, the words are ambiguous and capable of being understood in a double sense, the one criminal and the other innocent, the plaintiff may by proper allegation aver the meaning with which he claims that they were published and the jury may find whether they were published with that meaning or not. *Rubenstein* v. *Lee,* 56 *Ga. App.* 49 (192 S. E. 85) ; *Park & Iverson* v. *Piedmont & Arlington Life Ins. Co.,* 51 *Ga. App.* 510; *Colvard* v. *Black,* 110 *Ga.* 642 (36 S. E. 80) ; *Beazley* v. *Reid,* 68 *Ga.* 380; *Michael* v. *Bacon,* 5 *Ga. App.* 332 (63 S. E. 228) ; *Holmes* v. *Clisby,* 121 *Ga.* 241 (48 S. E. 934, 104 Am. St. R. 103)." *Southeastern Newspapers* v. *Walker,* 76 *Ga. App.* 57, 60 (44 S. E. 2d, 697).

Contrary to the defendant in error's contention, it was not necessary for the plaintiff to set out in his petition the report of the "Watchdog Committee." He alleges that "said false statement was not a portion of any report from the so-called 'Watchdog Committee' of the grand jury or the grand jury itself, but was simply a statement of the defendants' falsely and maliciously made." This is not a conclusion but an allegation of fact, which, of course, the plaintiff must prove in order to prevail, but he is not required to allege in support of that alleged fact the evidence which he is to use to prove such allegation. If the defendants desire to show that the statement was a fair and honest report of a portion of the committee report, such would be a matter of defense.

The petition alleged libel per se and alleged an injury to the plaintiff's reputation; therefore, an allegation of special damages was unnecessary. *Brandon* v. *Arkansas Fuel-Oil Co.,* 64 *Ga. App.* 139, 146 (12 S. E. 2d, 414) ; *Weatherholt* v. *Howard,* 143 *Ga.* 41 (4) (84 S. E. 119).

In the instant case and in like cases, malice on the part of the defendants is presumed. *Horton* v. *Georgian Co.,* 175 *Ga.* 261 (1) (165 S. E. 443) ; Code, § 105-706.

The petition alleged a good cause of action for libel, and the court erred in sustaining the general demurrer and in dismissing the action.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*