JEAN H. WILLIAMS *vs.* FANNY DAVENPORT.

January 23, 1890.

**Libel—Actionable Words.**—An action will lie for the publication of words which directly tend to prejudice or injure one in his office, profession, trade, or business.

**Same—Words held Actionable.**—The complaint in this action, which is for a libel, examined, and *held* to state a cause of action.

Appeal by defendant from an order of the district court for Hennepin county, *Smith, J.,* presiding, overruling her demurrer to the complaint.

*Davis & Farnam,* for appellant.

*Allen & Shearer,* for respondent.

COLLINS, J.[1] Action for a libel. The court below overruled a general demurrer to the complaint, and defendant appeals. The pleading demurred to set forth the alleged libel as having been written and published, by conspicuously posting up, in the following words and figures: "22nd April. Miss Davenport wishes to thank those members of her company who so courteously and willingly received the half week's salary paid them last week. This was done solely upon the strength of very large railroad fares and excess baggage, and deeming it just to herself. The ungentlemanly and discourteous conduct of Mr. Lotto and Mr. Williams necessitated Miss Davenport consulting her lawyer how to act, who informed her, any one demanding full salary, it should be paid. Any member of the company who deem the other four nights due them will communicate the fact to Mr. Willard, and shall be paid. FANNY DAVENPORT." It was further alleged that for many years the plaintiff had been an actor and member of the dramatic profession; that he was one of the defendant's dramatic company at the time of the publication; that courteous and gentlemanly conduct is especially necessary to the pursuit of his said calling, in securing and maintaining a position with the best dramatic companies; that the words in said publication wherein reference was made to plaintiff and his conduct were written and published of and concerning plaintiff in his professional character; that they were false and malicious; that the defendant wrote and published the same for the purpose of injuring, defaming, and wronging plaintiff in the pursuit of his profession, and that he had thereby been rendered odious, had been disgraced, and held up to the scorn, ridicule, and contempt of the members of his profession. Other circumstances as to the effect of the publication were stated in the pleading, but need not be specially mentioned here.

Without entering into a discussion of the many distinctions and refinements, impossible to harmonize, which have found a place in the text-books, as well as in the utterances of some of our courts, upon the subject of slander and libel, it may safely be asserted that published words are actionable which directly tend to the prejudice or injury of any one in his office, profession, trade, or business. Star-

---

[1] Dickinson, J., was absent, and took no part in this case.

kie, Sland. § 117. The injury consists in falsely and maliciously charging another with any matter in relation to his particular trade or vocation which, if true, would render him unworthy of employment. 2 Kent. Comm. (13th Ed.) 17.

The plaintiff claims that by reason of the accusation, as detailed in his complaint, he has been "touched" in his calling and occupation, to his injury. The pleading contains the necessary averments or *colloquium* of facts showing that, under the circumstances accompanying the publication in question, it was libellous in fact. A good cause of action is stated, and the order stands affirmed.

NOTE. In *Lotto* v. *Davenport*, an action founded on the same publication, an order overruling a demurrer to the complaint was affirmed, following the foregoing decision.