## WOLFE *v.* ISRAEL.

A declaration alleging that the defendant said of the plaintiff certain words in themselves slanderous was amendable by adding thereto an allegation that such words were spoken in the presence of a third person.

Argued December 14, 15, 1897. — Decided January 10, 1898.

Action for damages.    Before Judge Lumpkin.    Fulton superior court.    March term, 1897.

Henry Wolfe sued Aaron Israel, alleging that he had damaged plaintiff $10,000 by falsely and maliciously saying of and concerning plaintiff, on June 22, 1896, "I will show him [meaning plaintiff] what a scoundrel, swindler and thief he is," meaning thereby that the plaintiff was guilty of cheating and swindling and also of theft or larceny.    Defendant demurred on the grounds, that the allegations do not entitle plaintiff to maintain the action, and that he fails to state the name of the person or persons in whose presence the words were spoken.    The demurrer was sustained, but before the judgment was signed plaintiff offered to amend by alleging that the words as alleged were so uttered and spoken by defendant on June 22, 1896, in

the presence of A. Wasser, and were heard and understood by said Wasser at the time. Defendant objected to the proposed amendment, because the original declaration contained no cause of action and there was nothing to amend by, and that it was too late to make a case by averring publication, and to whom. The original declaration was filed on October 26, 1896. The amendment was offered on June 25, 1897. The objection thereto was sustained. Plaintiff assigns both rulings as error.

*Ulysses Lewis* and *Dorsey, Brewster & Howell*, for plaintiff.

*Mayson & Hill* and *N. J. & T. A. Hammond*, for defendant.

SIMMONS, C. J. Under the ruling of this court in the case of *Ellison* v. *Georgia Railroad Co.*, 87 *Ga.* 691, and under section 5098 of the Civil Code, the trial judge erred in rejecting the amendment offered. In the case just cited the right of the mother to recover depended upon whether she was dependent upon her son for support; the declaration failed to allege that she was so dependent; an amendment to that effect was offered and was rejected by the trial judge. This court, after a review of all the cases, held that there was in the declaration sufficient to amend by, and that the amendment did not introduce a new cause of action and ought to have been allowed. In the case now under consideration, the declaration alleged a time and place and the slanderous words spoken, but failed to allege that they were spoken in the presence of a third party. The declaration showed a plaintiff and a defendant, and set out sufficient to indicate and specify some particular fact or transaction as a cause of action, and there was, under the code section above cited, enough to amend by. Adding the name of the person to whom the slanderous words were spoken did not add a new cause of action.

*Judgment reversed. All the Justices concurring.*