ATLANTA JOURNAL COMPANY *v.* PEARCE; *et vice versa.*

BECK, J. 1. In an action for libel which charged the defendant, a corporation engaged in the publication of a newspaper, with having falsely and maliciously published in its news columns, of and concerning the

plaintiff (giving effect to the properly laid innuendoes), that he, being at the time mayor of a named city and charged with the administration of its laws enacted for the preservation of law and good order, had taken advantage of his official position to subject to gross indignity a certain named woman then engaged in lecturing, because the plaintiff (who, according to the published article, was superintendent of the leading cotton mill of that city) had taken offense at the lecture, which criticised severely the conduct of manufacturing establishments in Georgia because of their employment of child labor in factories, and that he had ordered the city marshal to arrest the woman in question, and, the marshal refusing to obey this order, had caused the fire department to be called out and water thrown upon the audience, the petition was not subject to general demurrer. Such a publication tended to injure the reputation of the plaintiff and to expose him to public hatred, contempt, and ridicule, and the allegation of special damages was not essential to a recovery. *Holmes* v. *Clisby*, 118 *Ga.* 820 (45 S. E. 684) ; *White* v. *Parks*, 93 *Ga.* 633 (20 S. E. 78).

2. In the petition it was also charged that on the day following the publication of the matter referred to in the foregoing headnote an editorial was published in the same paper, which, according to the innuendoes, referred to the same incident as that mentioned in the first publication, condemning in vigorous terms the conduct of the plaintiff. So much of the petition as set forth the editorial was demurred to by the defendant, on the ground that the editorial "could not be used to aid the news item set out as an exhibit, to identify the person alluded to in the news item; and because libel must be complete in one publication, and can not be embraced in two publications occurring in two different newspapers issued and published on different days." This demurrer was sustained "in so far as the petition seeks to set up a separate and independent right of action represented by" the editorial; and the order sustaining this demurrer is assigned as error in a cross-bill of exceptions filed by the plaintiff. *Held*, that the court erred in not overruling the demurrer last referred to. The editorial does not aid the news item, except in so far as it might tend to show malice and aggravation of the tort; and to that extent it was legitimate to allege the editorial. And so far as the demurrer now under consideration challenges those portions of the petition which are based upon the editorial on the ground that the "libel must be complete in one publication and can not be embraced in two publications occurring in two different newspapers issued and published on different days," it is not sound; because, even if the editorial and the news item should be considered as entirely separate and distinct libels, they could both be declared upon in one suit, and the demurrer does not object on the ground that they could not both be declared upon in the same count.

3. An allegation in the petition that the newspaper in which the matter alleged to be libelous "circulated among foreign nations throughout the world and by medium of exchange was circulated among many of the various newspapers of the United States," was not open to attack by demurrer upon the ground that "the petition does not show in what

foreign nations throughout the world its [defendant's] publications are circulated, nor what newspapers in the United States, nor where they are located, which circulated the article in question."

4. The ground of the demurrer based upon the contention that the petition does not show any facts which would make the defendant legally responsible for any publication or notice of the event or republication of the articles in other newspapers, periodicals, or magazines, should have been overruled, as the publication of the articles in the newspaper published by the defendant corporation would naturally result in their republication in other newspapers or periodicals. At least it was a question for the jury whether or not such result would not naturally follow the publication of the articles in question.

5. The allegation that the article alleged to be false and libelous was circulated not only in petitioner's home town and county, but broadcast throughout the State of Georgia and among other States throughout the United States, was sufficient without showing in what other States and cities the issue of the newspaper publishing it was sold or circulated.

6. The assignments of error not specifically dealt with are without merit.

*Judgment affirmed on the main bill of exceptions, and reversed on the cross-bill. All the Justices concur.*

AUGUST 21, 1916.

Action of libel. Before Judge Pendleton. Fulton superior court. December 31, 1914.

*Charles T. & Linton C. Hopkins,* for Atlanta Journal Co.

*Dorsey, Brewster, Howell & Heyman, John K. MacDonald Jr.,* and *J. W. LeCraw,* contra.