18436.   KIRKLAND *v.* CONSTITUTION PUBLISHING CO.

DECIDED SEPTEMBER 28, 1928.

*St. Clair Gibbs, Betty R. Cobb,* for plaintiff.

*Dorsey, Howell & Heyman, Mark Bolding,* for defendant.

STEPHENS, J. Mrs. Grace Kirkland brought suit against the Constitution Publishing Company, alleging that the defendant, on August 4, 1926, falsely and maliciously, of and concerning the plaintiff, composed, published, and printed in the Atlanta Constitution, a newspaper owned and controlled by the defendant, "a false, scandalous, malicious and defamatory libel" in the following language: "Reading from a report by State Auditor Sam. J. Slate, Talmadge pointed out that at one time Dr. Grace Kirkland (meaning this plaintiff), Fulton county oil inspector, was due the State treasurer in 1924 for 1923 inspection fees, $6,285.30, while at that time she was only under a $3,000 bond. This report does not show that this money has yet been paid, according to Talmadge." The plaintiff alleged also that by virtue of the sale to citizens of Atlanta and elsewhere of many copies of the defendant's newspaper containing the alleged libelous publication, and by reason of the large circulation of the paper, she was damaged in her good name, reputation, etc., and her neighbors and citizens were thereby caused to suspect and believe that she, by reason of the acts charged in the publication, was guilty of the crime of embezzlement. The plaintiff alleged also that the defendant, in the publication, charged her with the commission of the crime of embezzlement, and that this charge was false, to her damage, as alleged, in the sum of $50,000. The petition was dismissed on demurrer, and the plaintiff excepted.

The defendant insists that the alleged libelous language does not charge the plaintiff with the commission of any crime, and particularly, since it does not charge a refusal or failure to pay by the plaintiff after demand made upon her, does not charge the crime of embezzlement. The defendant insists also that the language does not charge any moral turpitude to the plaintiff, but charges only a failure by the plaintiff to pay over, during a certain period of time, money collected, which, the defendant insists, does not charge a felonious withholding of the money, and therefore does not charge a crime.

Whether the alleged libelous language imputes to the plaintiff the commission of the crime of embezzlement, or any other crime, it is unnecessary to here decide, since we agree that the language contains a charge which tends to injure the reputation of the

plaintiff and to expose her to public hatred and contempt, and is libelous.

Section 4428 of the Civil Code defines a libel as: "false and malicious defamation of another, expressed in print or writing, or pictures, or signs, tending to injure the reputation of an individual, and exposing him to public hatred, contempt, or ridicule."

Section 1800 of the Political Code provides that "Inspectors of oil shall remit to the Treasurer each month, at the time of making their monthly statements, all fees received by them, except that they may retain as compensation for their services the sum of ten dollars per car for oil inspected," etc. The alleged libelous language is reasonably susceptible to the construction that it charges the plaintiff, as a State official, with having, during the year 1923, collected inspection fees, belonging to the State, in the sum of $6,285.30, and that these fees were not paid by her to the State Treasurer when due, and were not paid when the report was made. This charges a violation of a duty placed by law upon the plaintiff as an oil inspector of this State, and charges that the plaintiff, as a public official, by violating the law, became guilty of misconduct in public office. This charge tended to injure the plaintiff in her reputation, and expose her to public hatred and contempt.

The petition alleges that the language in the defendant's newspaper, the Atlanta Constitution, was false and malicious and the petitioner was damaged thereby in her good name, reputation, etc. The alleged libelous language is actionable per se, and proof of special damage is not essential. Civil Code (1910), § 4433; *Atlanta Journal Co.* v. *Pearce,* 145 *Ga.* 694 (89 S. E. 759).

■ The fact that the defendant's newspaper published the alleged libelous charge as a statement made by another person constitutes no justification. As is stated in the opinion of this court in *Brown* v. *McCann,* 36 *Ga. App.* 812 (138 S. E. 247), "The fact that the defendant merely repeated the report [which the defendant in repeating attributed to the person making it] is no defense, since it is the law that 'talebearers are as bad as talemakers,' " quoting from Judge Jenkins in *Ivester* v. *Coe,* 33 *Ga. App.* 620 (6) (127 S. E. 790). See also 36 Corpus Juris, 1235, where it is stated that "It is no justification that the defendant received his information from a third person, and that the defendant at the time of

his publication disclosed the name of the author." See also *Cox* v. *Strickland,* 101 *Ga.* 482, 493 (28 S. E. 655).

■ Whether the charge was privileged, as being a republication of a privileged government report, is not a question presented now for determination. The question here for determination is as to the sufficiency of the petition to withstand a demurrer. There is no allegation in the petition, nor does it appear from the petition, that any "report" containing the charge complained of was ever made, or if made, that the charge referred to was taken from the report, or that the report, if made, was made by a State official in the line of his duty as such, and was therefore privileged. The petition alleges merely that the defendant said that Mr. Talmadge read from a report made by the State Auditor, Sam. J. Slate. The petition in alleging the publication of the language complained of and that the language was a false and a malicious libel upon the petitioner, alleges only the malicious utterance and publication of the language and its falsity, and does not admit as true any of the statements therein.

■ The publication, if libelous, is not privileged under section 4436 of the Civil Code (1910), as being a comment upon the acts of a public official. Such privilege does not give the right to make libelous statements. Nor is it privileged under section 4432 of the Civil Code, as a newspaper publication. The freedom and liberty of the press do not give a publisher the right to publish libelous statements. *Lowe* v. *News Publishing Co.,* 9 *Ga. App.* 103 (5) (70 S. E. 607).

■ The petition set out a cause of action, and it was error to sustain the general demurrer.

*Judgment reversed. Bell, J., concurs. Jenkins, P. J., dissents.*

JENKINS, P. J., dissenting. The alleged defamatory publication consisted in the printing by the defendant of a statement by Talmadge to the effect that a report of State Auditor Slate showed that the plaintiff, a State oil inspector, was due the State, in 1924, the sum of $6,285.30 of 1923 inspection fees, while under bond in the amount of only $3,000, and that the report of the State auditor failed to show that this money had yet been turned over. The plaintiff's petition sets forth that such publication charged her with the crime of embezzlement, and that the charge was false. I am of the opinion that the publication does not set forth the crime

of embezzlement. It does not indicate that the report charges the plaintiff with having misappropriated any sum whatever. The language of the publication with reference to the insufficiency of the bond can, at most, be taken only as a criticism of the management of the department in which the plaintiff was employed. Nor does the additional statement that "this [the State auditor's] report does not show that this money has yet been paid" charge embezzlement or misappropriation. Although the publication was made on August 5, 1926, and was with reference to money collected some three years previously, the mere negative statement that the report referred to failed to show that the money had been turned over does not amount to a charge that it had been actually withheld by the plaintiff after it had become her duty to account for the same, in the absence of some statement as to the time when the report was made. However, assuming that the publication was such as might subject the plaintiff to "public hatred, contempt, or ridicule" (Civil Code of 1910, § 4428), as I am inclined to think should be done in view of the statute relative to the duty of oil inspectors to pay over monthly to the State treasurer fees collected by them, and, therefore, if unprivileged, constituted a libel per se, the question is whether the publication as made was actionable. Bona fide comments upon public men with reference to acts done in their public capacity are privileged. Civil Code (1910), §§ 4436(6); Michie's Annotated Code (1926), § 2158 (52). If the act of the defendant purported to consist, and did consist, in merely publishing the substance of an official report of the State auditor with reference to the public acts of the plaintiff, done in her official capacity, no cause of action in favor of the plaintiff would arise. The fact that the substance of the report was printed from hearsay,—that is, as stated by another person,—would not operate to change the rule; the only risk incurred or responsibility assumed by the defendant being that in thus publishing the substance of such official report from hearsay, it vouched for the correctness of the substance of the report as quoted by defendant's informant. While the plaintiff denies that she was guilty of embezzlement, as she alleges was charged, and thus might be taken to have inferentially denied the truth of the substance of the report, she does not allege or intimate that the report was not made, or that the defendant's statement of the same was not substantially correct. It is the duty of a plain-

tiff to make out his case by the pleadings, and it is a familiar rule that pleadings are to be construed against the pleader. The natural intendment of the petition is to deny only the substance of the report, and not that the report was made as quoted. In my opinion the trial judge did not err in dismissing the petition on demurrer, as failing to set forth a cause of action.