### 19529. BENNETT *v.* BELLINGER.

JENKINS, P. J. 1. "All charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious, they are not libelous." Civil Code (1910), § 4438; *Wilson* v. *Sullivan*, 81 *Ga.* 238 (7 S. E. 274) ; *Gibbs* v. *Bank of Tifton*, 21 *Ga. App.* 653 (94 S. E. 827) ; *Bibb* v. *Crawford*, 6 *Ga. App.* 145 (64 S. E. 488).

2. Accordingly, in a suit in the superior court for damages and for an injunction, where it was alleged that the plaintiff conducted a regularly licensed and legitimate loan business, and that the defendant had stationed himself at the entrance of the building in which was the plaintiff's office, and had been previously and was then engaged in accosting clients and prospective customers of the plaintiff, telling them that they did not have to pay him what they owed him, or deliver the salaries sold to him, that the business that he was engaged in was contrary to law, and that he could be prosecuted, and advising them not to go about him, but to go to the court-house and see a man who would tell them what to do and how to do it, and where it was alleged that the defendant was threatening to have circulars printed in accordance with the statements referred to, and to stand in front of the office building on a certain date and distribute them to the plaintiff's customers, and where, in furtherance of the prayer for an injunction, it was alleged that unless such acts were restrained and enjoined the plaintiff would suffer irreparable injury to his business, it was not immaterial and impertinent to the relief sought to allege in the petition that the defendant was insolvent and of bad character and a man not worthy of belief. "However false and malicious" such allegations as to the defendant's character might in fact be, so far as the petition was concerned they were pertinent and material to the relief sought, in that they indicated a continuance of the alleged false and malicious statements to the plaintiff's clients, and furnished ground for the necessity and propriety of the injunction sought, and, under the explicit language contained in the code-section quoted, could not legally be adjudged libelous.

3. The court erred in overruling the general demurrer to the petition in the instant suit for libel.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED NOVEMBER 14, 1929.

*R. R. Jackson, C. E. Moore,* for plaintiff in error.