## 28424. CROWE *v.* CONSTITUTION PUBLISHING COMPANY.

Decided November 9, 1940.

504

*Lawton Nalley,* for plaintiff.  *Howell & Post,* for defendant.

FELTON, J.  (After stating the foregoing facts.)

■ It was not error to sustain the demurrer to paragraph 8 of the petition, because it alleges no libel against the plaintiff.

■ It was not error to sustain the demurrers to paragraph 9 of the petition.  The only statements which are susceptible of being construed as defamatory were statements purporting to come from witnesses at a trial at Norfolk, and it was not alleged that these statements were not actually made by the witnesses exactly as stated in the publication.

■ It was error to sustain the demurrer to the second sentence of paragraph 13 of the petition, which contains matter irrelevant to the alleged original libel, because the matter was relevant to the question of the good faith of the defendant in the publication complained of.  *Augusta Chronicle Publishing Co.* v. *Arrington,* 42 *Ga. App.* 746 (5) (157 S. E. 394).  The first sentence of paragraph 13 was not subject to demurrer.

■ It was error to sustain the demurrer to paragraphs 7, 10, 11, and to sustain the general demurrer to the petition.  The republication of the statements of Jimmy Storey, if libelous, would not

be privileged, because the statements were not made by him in a court trial. The mere fact that Jimmy was detained at the juvenile home at the time the statements were made would not render the statements privileged. The bearer of a libel is as guilty as its author, so far as publication is concerned. 36 C. J. 1235; *Kirkland* v. *Constitution Publishing Co.*, 38 *Ga. App.* 632 (144 S. E. 821).

The Code declares: "Whoever shall torture, torment, deprive of necessary sustenance, mutilate, cruelly, unreasonably, and maliciously beat or ill treat any child, or cause any of said acts to be done, shall be guilty of a misdemeanor." § 26-8001. It will be noted that no mention is made of justification. It would therefore become an affirmative defense. What is cruel and unreasonable treatment of a child is primarily a question for a jury. While no malice was charged to Crowe, it was a question for the jury whether the treatment attributed to Crowe was so actuated. Under the allegations in this case it is a jury question whether the newspaper charged the commission of a crime. The Code further declares: "Any false and malicious defamation of another in any newspaper, magazine, or periodical, tending to injure the reputation of any individual and expose him to public hatred, contempt, or ridicule, shall constitute a newspaper libel, the publication of such libelous matter being essential to recovery." § 105-703. So whether the language quoted charges the commission of a crime or not, it is a question for the jury whether it tended to injure the reputation of Crowe and to expose him to public hatred, contempt or ridicule. It is peculiarly within the province of a jury to say what is or what is not proper and humane punishment. This court can not say *as a matter of law* that the treatment alleged in this case is not cruel, unusual, or inhumane. In Geisler *v.* Brown, 6 Neb. 254, cited by the defendant, the following language was held not to be libelous per se: "Last night Mrs. Geisler beat her little stepdaughter most unmercifully with a club as large as a man's wrist, striking her over the head and making the blood flow freely. The little girl ran away from her as soon as she could free herself, and went to Marshal Thomas's house, weeping bitterly, her clothes saturated with blood and the wounds on her head still bleeding profusely. The marshal was not at home; so she went to the store of C. H. Mickelson, and from there over to Judge Dickey's

drug-store. The judge told sheriff Moore to take the girl to Mickelson's house and keep her there until called for. This Mickelson will probably do if Geisler does not get her away. It is time that Geisler and his brutal wife were put under bonds not to whip that girl; and it is time some one took care of the little girl, who is not over nine years of age. There has been trouble enough over her, and we hope the authorities will put a stop to it." Merrill in his book on Newspaper Libel, makes the statement that Mr. Bigelow, in his notes on Odgers Libel and Slander, calls the ruling in the Geisler case a "vicious doctrine."

The amendment alleges that the article falsely and maliciously stated that the petition filed with the juvenile court charged Crowe with cruelly and inhumanely treating the boy. The allegation is good against general demurrer. The amendment only purports to set forth excerpts from the juvenile-court petition, but there is no special demurrer calling for the setting forth of the entire petition.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*