## 39848. HUEY v. SECHLER.

DECIDED MARCH 6, 1963.

*James A. Mackay,* for plaintiff in error.

*Walter E. Baker, Jr.,* contra.

HALL, Judge. 1. Count 2 alleges that while the plaintiff was a candidate for the DeKalb County Board of Education, the De-Kalb County grand jury "had called on any office seeker of the county who had any evidence or criticism concerning political activity of school administration officials of the DeKalb County Board of Education to bring it to the attention of a DeKalb County grand jury so that this activity on the part of school officials could be stopped"; that the plaintiff brought before the grand jury a tape recording of a conversation between Sam Moss, the Vice-Superintendent of the DeKalb County Schools, and another, in which the said school official was politicking in behalf of another candidate. The defendant falsely stated that "the grand jury 'reprimanded' this plaintiff and 'this was the recording the entire grand jury heard Wednesday and found not to contain any "politicking" by Mr. Moss.' " The slander alleged in this count was not incapable of being directly understood to mean that the plaintiff was reprimanded by the grand jury because he had before that body improperly, unfairly,

groundlessly, falsely charged a school official with activity that had been condemned by the grand jury, i.e., politicking. "To write and publish of another that he is a liar is libelous. . ." *Colvard v. Black,* 110 Ga. 642 (1) (36 SE 80); 1 Harper, The Law of Torts, 357, § 5.2; 33 Am. Jur. 70, § 49. To falsely charge one with uttering a slander or publishing a libel is in itself defamatory. Jenkins v. Taylor (Texas) 4 SW2d 656, 660; 53 CJS 68, § 26. That a charge that a person spoke *falsely* about a school official or about a matter concerning the school board election would tend to deprive him " 'of the benefit of public confidence' is not open to doubt, because honest men instinctively shun a liar." McKillip v. Grays Harbor Pub. Co., 100 Wash. 657 (171 P 1026, 1028). To say that a Georgia grand jury reprimanded a person for making false charges would add to the defamatory effect, because it is common knowledge that the grand jury in this State exercises an important public responsibility and that the jurors are selected from a number "of the most experienced, intelligent, and upright citizens." *Code Ann.* § 59-106.

Since count 2 does not allege that the defamation was in writing, it would not be actionable unless it was made against the plaintiff "in reference to his trade, office, or profession, calculated to injure him therein." *Code* § 105-702. With regard to office, it is true that those "who hold public office in a democracy, if not under other forms of government, must expect their work to be critically scrutinized and varying judgments passed thereon." 1 Harper, The Law of Torts, 385, § 5.12. We are of the opinion that the public needs to know more, not less, about its elected officials and political candidates. "Public servants are not insulated against criticism, either just or unjust, and if the criticism gets into the field of libel [or slander], the public servant, like any other citizen, may seek redress, but his very position as a public servant involves the risk inherent in his office of being criticized for his acts. It cannot be otherwise in a free country." *Fowler v. State,* 93 Ga. App. 883, 886 (93 SE2d 183). Nevertheless, ". . . an upright and faithful public servant sustains special damage by reason of a defamatory publication which attacks his official character. And this is said

to be true, 'whether the office be merely confidential and honorary, or be productive of emolument.' . . . 'As regards language concerning one in office, the same general principles apply as to language concerning one in trade. Language concerning one in office which imputes to him a want of integrity, or misfeasance in his office, . . . or which is calculated to diminish public confidence in him, or charges him with the breach of some public trust, is actionable.' " *Augusta News v. Radford,* 91 Ga. 494, 496 (17 SE 612, 20 LRA 533, 44 ASR 53) ; *Atlanta Journal Co. v. Pearce,* 145 Ga. 694 (89 SE 759). Such language concerning one seeking public office is likewise actionable. Restatement, Torts, 178, § 573.

A demurrer to a petition for defamation should not be sustained unless the alleged defamatory words are incapable of defamatory meaning, and the test is whether, in the circumstances, the words discredit a person in the minds of the community. *Holmes v. Clisby,* 121 Ga. 241 (48 SE 934, 104 ASR 103) ; *Weatherholt v. Howard,* 143 Ga. 41 (84 SE 119) ; *Brandon v. Arkansas Fuel-Oil Co.,* 64 Ga. App. 139 (12 SE2d 414) ; *Jones v. Poole,* 62 Ga. App. 309, 311 (8 SE2d 532) ; Muchnick v. Post Pub. Co., 332 Mass. 304 (125 NE2d 137, 138) ; Prosser, Torts (2d Ed.) 581, § 92; Restatement, Torts 304, § 614.

2. Count 1 alleges in effect that the defendant libeled the plaintiff in that he published and caused to be published, in print and by television broadcast, the false statements that the plaintiff was reprimanded by the DeKalb County grand jury, for using the grand jury for political gain and for unethical tactics which raised a question in the minds of many of the grand jurors about the plaintiff's fitness to serve as a member of the DeKalb County Board of Education. Our statute defines libel as "a false and malicious defamation of another, expressed in print, or writing, or pictures, or signs, tending to injure the reputation of an individual, and exposing him to public hatred, contempt, or ridicule." *Code* § 105-701. This count does not allege that the plaintiff was in office or seeking public office, but claims injury to his personal and business reputation. Applying the authorities and principles discussed in Division 1, it presents a question which we must leave to the jury, whether the

alleged publication would discredit the plaintiff as an individual or as a businessman in the minds of the community. To say of a reputable citizen and businessman that he was reprimanded by the grand jury because he used unethical tactics in any activity could, considering popular connotations of the words, convey the meaning that the person had been censured, scolded or castigated by a public body composed of the best of the citizenry, for tactics, conduct or methods out of line with business, professional, or moral standards. See Websters New International Dictionary (3d Ed.); Roget's International Thesaurus (New Ed.). Such understanding about a person is not incapable of reflecting on his character as an individual and as a businessman. *Stanley v. Moore,* 48 Ga. App. 704 (173 SE 190); *Pavesich v. New England Life Ins. Co.,* 122 Ga. 190, 221 (50 SE 68, 69 LRA 101, 106 ASR 104, 2 AC 561); Williams v. Davenport, 42 Minn. 393 (44 NW 311); Prosser, Torts (2d Ed.) 574, § 92; 591-2, § 93. But a written publication need only affect personal reputation to be actionable. *Code* § 105-701.

3. Count 3 alleges that the defendant, while acting as foreman of the grand jury, made this false statement to others concerning the plaintiff: "When I got back they [meaning 'the entire September term, 1961, grand jury of DeKalb County'] were ready to hang him." With respect to this oral defamation, the question is whether the charge was calculated to injure the plaintiff in his business. *Code* § 105-702. "Hang" may convey the meaning "execute, inflict capital punishment on, put to death." Roget's International Thesaurus (New Ed.); Webster's New International Dictionary (2d Ed.). To say that a grand jury was "ready to hang" someone is not incapable of being understood to mean that the person had been guilty of some reprehensible or punishable conduct; and if so understood, the statement is capable of injuring the person's reputation in his business. We refer to the authorities cited in Division 1 and 2 and hold that count 3 states a cause of action.

4. The defendant was entitled, to enable him to prepare his defense, to be informed of the facts called for by the four special demurrers which were on the ground that the petition did not show to whom or upon what occasion the alleged defamatory

words were spoken. *Wolfe v. Israel,* 102 Ga. 772 (29 SE 935);
*Wright v. Lester,* 218 Ga. 31, 37 (126 SE2d 419).

The trial court did not err in overruling the general demurrer
to the three counts of the petition and special demurrer number 5, but erred in overruling special demurrers numbers 1, 2, 3
and 4.

*Judgment affirmed in part; reversed in part. Carlisle, P. J.,
and Bell, J., concur.*