41055.   HUGHES v. RHODES et al.

DECIDED MARCH 8, 1965—REHEARING DENIED
MARCH 24, 1965.

*Grubbs, Prosser & Burke, J. M. Grubbs, Jr.,* for plaintiff in error.

*Bryan, Carter, Ansley & Smith, John S. Langford, Jr., Scott S. Edwards, Jr., Reed, Ingram & Flournoy, Robert E. Flournoy, Jr., L. S. Cobb,* contra.

RUSSELL, Judge. ■ The defendant Pan American World Airways demurred on the ground that the petition failed to set out a cause of action against it either individually or jointly with any other defendant. The allegations directed particularly against it are to the effect that Del Rocco, who wrote the letter, furnished it to the other defendants within the scope of his employment, it being a part of his duties to furnish in proper case and under proper circumstances such letters on employees and former employees; that the letter was untrue and false because plaintiff was in fact employed by this defendant as Supervisor of Buildings and Facilities as he stated in his announcement; that the personnel files of Pan-American show the letter was false and that this defendant on at least one other occasion furnished plaintiff's subsequent employer with the correct information on October 1, 1955. Plaintiff then alleges that Del Rocco, "furnished said letter to the other defendants herein with the full knowledge of the falsity of the same, and with full knowledge that the same was and would be injurious to the plaintiff and said activity of the said Del Rocco, as agent aforesaid, became a part of the said conspiracy of said defendants in publishing said false malicious and libelous letter causing said harm and hurt to your plaintiff."

Merely to state that a former employee was a diesel generator operator is not actionable per se, as there is nothing about this occupation which is criminal, debasing, or having a tendency to hold one up to public hatred, ridicule and contempt. Since no special damages are sought, and since the information conveyed by World Airways to Schnall in answer to Schnall's inquiry was not actionable in and of itself in the absence of special damage it is not the original publication of the material by this letter to Schnall of which the plaintiff complains, but the republication of the letter by Schnall in the special circumstances set out in the petition. To hold the employer liable for this republication, it

must be clearly alleged either that the republication was such as should have been foreseen by the author of the letter or that the author was a part of the conspiracy to injure the plaintiff's reputation at the time the letter was written, which would involve knowledge or reasonable foreseeability on the part of the employer of the fact that the letter was intended for the use to which it was subsequently put. "There is no disagreement as to the doctrine announced in the textbooks . . . that if A. utters slanderous words concerning the servant of B., and C. repeats the word to B., by reason of which the servant is discharged, the unauthorized repetition by C. is not a slander uttered by A., and that special damage is not recoverable by the servant against A. This, it seems, upon the ground that, as special damage must be specifically alleged, and is not to be inferred but must be proven, where an independent will has intervened between the act of A., and that which caused the damage, viz., the repetition of the slander, the original utterance by A. is not the proximate cause of the injury." Southwestern Tel. & Tel. Co. v. Long, (Tex.) 183 SW 421, 427; 53 CJS 137, Libel and Slander, § 85; 33 Am. Jur. 184, Libel and Slander, § 197; Odgers, Libel and Slander, 5th Ed., p. 409. In the present case the words of the letter do not, taken alone, constitute a libel. The facts set out by way of inducement by reason of which they are alleged to have become libelous refer to acts of Schnall and Rhodes only, except for the general allegation that "the activity of Del Rocco became a part of the said conspiracy of said defendants in publishing said false, malicious, and libelous letter." This is far from an allegation that the defendant employer knowingly furnished the letter for the purpose for which it was used; that is, to impugn the plaintiff's integrity, hold him up to ridicule, and defeat him in an election. In the absence of such knowledge, the employer could not be charged with a duty to foresee that it would be used for such a purpose. The allegation that the *activity* of this defendant *became a part of the conspiracy* does not amount to an allegation that the defendants conspired together to put the letter to this use, or, if construed to do so, it is a bald conclusion unsupported by the facts and must be disregarded. *Walraven v. Wal-*

*raven,* 76 Ga. App. 713 (2) (47 SE2d 148) ; *Gwin v. Thunderbird Motor Hotels, Inc.,* 216 Ga. 652, 657 (119 SE2d 14) and cit.

It was not error to sustain the general demurrer of Pan-American World Airways, Inc.

■ "When in an action for libel the words declared on are harmless in themselves, and the petition alleges no extrinsic facts which would show that the words might be taken in other than their ordinary sense, a cause of action for a libel is not sufficiently set forth. . . If in the light of extrinsic facts words apparently harmless are such as to convey to the mind of the reader who is acquainted with the extrinsic facts a meaning which will be calculated to expose the person about whom the words are used to contempt or ridicule, then such harmless words become libelous, and an action is well brought although no special damages may be alleged." *Pavesich v. New England Life Ins. Co.,* 122 Ga. 190, 221 (50 SE 68, 6 9LRA 101, 106 ASR 104, 2 AC 561), and see *Warner Bros. Pictures, Inc. v. Stanley,* 56 Ga. App. 85 (4) (192 SE 300). "To write and publish of another that he is a liar is libelous." *Colvard v. Black,* 110 Ga. 642 (1) (36 SE 80); *Huey v. Sechler,* 107 Ga. App. 467, 469 (130 SE2d 754). In *Colvard* the plaintiff was called a liar in print; as previously stated, the words used in the letter printed as a part of Mr. Rhodes' advertisement do not, on their face, convey any suggestion that the plaintiff in any way falsified his qualifications or that he was engaged in any prior course of conduct which was illegitimate, reprehensible, or which would subject him to ridicule. The letter, even though inaccurate, was in no way libelous. See in this connection *Anderson v. Kennedy,* 47 Ga. App. 380 (170 SE 555). "It may be stated as a general proposition that the question whether language used in impugning a claim or the good faith of the claimant will support an action of libel or slander depends on whether that language imputes crime, fraud, or other reprehensible conduct; to be actionable, the language must be more than hypothetical and must exclude the possibility that the claimant acted in good faith." 33 Am. Jur. 70, Libel and Slander, § 49. Construing the petition against the pleader, as we must, it then remains to be determined whether the extrinsic facts alleged support the conclusion that

the letter published by the defendants in connection with a political advertisement, "was understood by the average reader in such manner as to injure the plaintiff's reputation and subject him to public ridicule and contempt." The plaintiff stated in a local paper on July 6 that "after working as supervisor of Buildings and facilities in building up the Guided Missile range chain from Cape Canaveral, Fla. to Ascension Island, I came to Marietta." The defendants stated in the same paper on October 26 over three months later that a former employer advised "that Mr. Hughes was employed by this Company as a Diesel Generator Operator from 9 April, 1954, until 3 January, 1955, at which time he terminated." Without considering whether this lapse of time would of itself render the conclusion reached most dubious, it is obvious that the latter statement even in the context of the former does not tend to exclude the possibility that the former was made in good faith. It is not apparent that the two statements refer to the same period of time or that one contradicts the other. The plaintiff contends that "the position of diesel generator operator is a position that is not as esteemed as the position of supervisor of buildings and facilities", but there is nothing libelous about ascribing this occupation to another person even though erroneously. The libel can result only from a contradiction of the plaintiff's former statement in such manner as to insinuate that he lied, but when both statements may stand together without contradicting each other under an equal possibility that both are true, the conclusion of the pleader that the result was to charge him with falsehood is unwarranted. "The plaintiff cannot by innuendo draw from a writing a conclusion not justified by the language used." *Holmes v. Clisby,* 118 Ga. 820, 823 (45 SE 684). If an ambiguity exists in the language used or even if it is created by the inducement, then the plaintiff may raise a jury issue by ascribing the defamatory meaning to the writer. *Horton v. Georgian Co.,* 175 Ga. 261 (2) (165 SE 443). Where, however, it is apparent by comparison of the two statements that both could reasonably be true, the defendant has not called the plaintiff a liar or at least this is not to call another a liar in the sense of a libel per se, for which general and punitive damages might be awarded. No special damages

are alleged here. Damages claimed by a candidate for public office by reason of his failure to be elected are ordinarily too remote and speculative for consideration. *Anderson v. Kennedy,* 47 Ga. App. 380, supra.

Since the conclusion of the plaintiff, that the language used had the effect of calling him a liar because it was contradictory to previous language used by the plaintiff, is not sustained by the facts alleged, it must be disregarded.

The trial court did not err in sustaining the general demurrers of the defendants and dismissing the petition.

*Judgment affirmed. Jordan, J., concurs. Felton, C. J., concurs specially.*

FELTON, Chief Judge, concurring specially. I concur in the judgment for a reason different from those of the majority. It is affirmatively alleged twice that the advertisement was published in the newspaper by all three of the defendants and there are no allegations which are inconsistent with those allegations. The defect in the petition, as I see it, is that it is not alleged when the plaintiff moved to Marietta. In the absence of such an allegation there is no basis for the allegation that the publication was understood by those who read it to charge the plaintiff with telling a falsehood.