48918. FINISH ALLATOONA'S INTERSTATE RIGHT, INC. et al. v. BURRUSS.

STOLZ, Judge.

On September 12, 1972, Finish Allatoona's Interstate Right, Inc., also known as F. A. I. R., and Richard L. Fullerton, defendants-appellants, hereinafter referred to as appellants, filed suit in the United States District Court for the Northern District of Georgia, Civil Action No. 17,133 (355 FSupp. 933), against John A. Volpe, as Secretary of Transportation of the United States of America, and Burt K. Lance, as Director of the Georgia Department of Transportation, in an attempt, as set forth in Paragraph 1 of that complaint, *"to stop them*

*from illegally and wrongfully enriching certain speculating landowners and damaging wild parklands by illegally going ahead with defendants' [Volpe and Lance] declared purposes of construction of a new highway . . ."* On the basis of the allegations contained in the appellants' complaint in that action, A. L. Burruss, the plaintiff-appellee, hereinafter referred to as appellee, brought the present action against F. A. I. R., Richard L. Fullerton, George H. Keeler and Paul H. Wallace. The appellee later dismissed defendants Keeler and Wallace from the action. The appellee complained, in paragraph 13 of the complaint, "that the matter contained in the lawsuit here previously referred to (F. A. I. R. v. Volpe and Lance) concerning the plaintiff herein (Burruss) is false and defamatory," and said defamatory language was libelous per se causing the plaintiff-appellee great injury in his credit and reputation. The appellants filed an answer to the appellee's complaint, and therein moved the court to dismiss the appellee's complaint on the following grounds:

1. That said complaint is based in whole upon allegations contained in pleadings in a lawsuit pending in a court of competent jurisdiction, they are absolutely privileged under Code § 105-711, and cannot be the basis of a complaint for libel or slander.

2. That the plaintiff-appellee, A. L. Burruss, is a public official of the State of Georgia, being an elected member of the General Assembly of the State of Georgia, and is therefore subject to criticism and question regarding his private investment activities if the same do or may have any connection with his official position, and therefore he has waived his right to bring a proceeding for libel or slander by reason of his official capacity.

3. (a) That all the allegations made by the appellants-defendants in their aforesaid federal suit and complained of by A. L. Burruss, as plaintiff-appellee, are true, and truth is an absolute defense for libel; and

(b) Bringing of said lawsuit was not sufficient publication to constitute a cause of action in libel nor was the information on the matters complained of by the plaintiff-appellee disseminated to the public by reason of filing of the aforesaid suit. Information was only brought

to the attention of the public by reason of an article appearing in the Marietta Daily Journal.

The trial judge held in his order overruling the motion to dismiss (1) that the question of whether or not the allegations of a lawsuit are pertinent and material to the relief sought, is a question of fact to be resolved by the jury, (2) that the privilege extended to the comments against acts of public officials is not applicable in the instant case because the instant case deals specifically with pleadings in a lawsuit, and (3) that an upright and faithful servant sustains special damage by reason of defamatory language in allegations in a pleading which attacks his official character and which is neither material nor relevant to the action pending. The defendant appeals via certificate of immediate review. *Held:*

1. "Comments upon the acts of public men in their public capacity and with reference thereto" are deemed privileged communications. Code § 105-709 (6). However, "[i]n every case of privileged communications, if the privilege is used merely as a cloak for venting private malice, and not bona fide in promotion of the object for which the privilege is granted, the party defamed shall have a right of action." Code § 105-710. These two Code sections must be construed together. *Nicholson v. Dillard,* 137 Ga. 225, 230 (73 SE 382). Privilege may be absolute or qualified. In the latter case, it furnishes only a prima facie lawful excuse for making it. *Nicholson v. Dillard,* supra, and cit. "[A]n upright and faithful public servant sustains special damage by reason of a defamatory publication which attacks his official character. And this is said to be true, 'whether the office be merely confidential and honorary, or be productive of emolument.' . . . 'As regards language concerning one in office, the same general principles apply as to language concerning one in trade. Language concerning one in office which imputes to him a want of integrity, or misfeasance in his office, . . . or which is calculated to diminish public confidence in him, or charges him with the breach of some public trust, is actionable.' " *Augusta Evening News v. Radford,* 91 Ga. 494, 496 (17 SE 612); *Huey v. Sechler,* 107 Ga. App. 467, 469 (130 SE2d 754) and

cits. A conditional or qualified privilege is not a right to publish, but is rather the right to be free from legal liability from libel when such publication is done fairly and honestly and bona fide, and the determination of this is for a jury. See *Atlanta Journal Co. v. Doyal,* 82 Ga. App. 321 (3) (60 SE2d 802). The trial judge did not err in paragraphs 2 and 3 of his order.

2. The trial judge was in error in holding that the question of whether or not the allegations of a lawsuit are pertinent and material to the relief sought, is a question of fact for the jury.

"All charges, allegations, and averments contained in regular pleadings filed in a court of competent jurisdiction, which are pertinent and material to the relief sought, whether legally sufficient to obtain it or not, are privileged. However false and malicious, they are not libelous." Code § 105-711. "[I]n testing pleadings, the marks of absolute privilege are relevancy and materiality. Where these are wanting there is no privilege, or only conditional privilege at most." *Wilson v. Sullivan,* 81 Ga. 238, 243 (7 SE 274); *Bennett v. Bellinger,* 40 Ga. App. 557 (150 SE 566).

Accordingly, the case is remanded to the trial court for its decision determining the pertinency and materiality of the allegations regarding the plaintiff contained in the U. S. District Court litigation.

*Judgment affirmed in part; reversed in part. Deen and Webb, JJ., concur.*

Argued January 16, 1974 — Decided April 5, 1974.

*Custer, Smith & Manning, Lawrence B. Custer,* for appellants.

*Holcomb & McDuff, Frank D. Holcomb, Terry E. Willis,* for appellee.