A90A0347. CLEVELAND v. WILLIAMSON et al.
(391 SE2d 22)

BIRDSONG, Judge.

Jesse Cleveland appeals from the grant of summary judgment to appellees on his complaint against them. The record shows that appellees filed pleadings in the probate court of Cleveland's county of residence seeking to have a guardian appointed because Cleveland was an incapacitated adult. After an expert examined Cleveland and recommended that a guardian not be appointed, appellees dismissed the petition. Thereafter, Cleveland filed a complaint seeking to recover because of allegedly libelous statements contained in the petition for appointment of the guardian and because someone, not one of the appellees, smoked cigarettes and injured Cleveland's health.

Appellees, relying on OCGA § 51-5-8, which makes privileged statements made in pleadings, moved to dismiss the complaint for failure to state a claim upon which relief could be granted. The trial court treated the motion as one for summary judgment because it considered matters outside the record, and granted summary judgment to appellees.

Cleveland appeals contending the court erred because the complaint alleged that appellees maliciously filed the petition and because the complaint included a claim for personal injuries. *Held*:

1. OCGA § 51-5-8 is dispositive of Cleveland's libel claim. Exami-

nation of Cleveland's complaint shows that the statements he asserts were libelous were made in a pleading filed in the court of competent jurisdiction and that the statements were pertinent and material to the relief sought. By its terms, if the requirements of the code section are met, matters contained in such pleadings are privileged "[h]owever false and malicious [the allegedly libelous statements] may be. . . ." OCGA § 51-5-8; *Fedderwitz v. Lamb*, 195 Ga. 691 (25 SE2d 414). The case of *Finish Allatoona's Interstate Right v. Burruss*, 131 Ga. App. 572 (206 SE2d 679), relied upon by appellant does not stand for the proposition he asserts. Therefore, the trial court did not err by granting summary judgment on these claims. *Garrett v. Deworken*, 148 Ga. App. 656 (252 SE2d 81).

2. Cleveland also alleges the trial court erred by granting summary judgment on his personal injury claim. The complaint alleges that Cleveland's stepfather smoked cigarettes at home creating an unhealthy environment and Cleveland received injuries from inhaling the smoke. Based upon the allegations in the complaint, we cannot conclude that the trial court erred by granting summary judgment to the appellees/defendants for failure to state a claim even though the trial court did not specifically address the claim in its order. Cleveland's complaint clearly shows that Cleveland's stepfather, the person alleged to have caused his injury, was not a party to the action. "A correct decision of the trial court will not be reversed, regardless of the reasons given therefor." *National Consultants v. Burt*, 186 Ga. App. 27, 33 (366 SE2d 344).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 12, 1990.

*Jesse Cleveland*, pro se.
*Robert E. Born*, for appellees.
Gaylord Cleveland, *pro se*.