A91A0437. THOMAS v. RGL ASSOCIATES.
(407 SE2d 420)

SOGNIER, Chief Judge.

Blyienaus M. Thomas filed a pro se "declaratory judgment action and petition for injunctive relief" against RGL Associates in the Superior Court of Ware County, and in lieu of a filing fee submitted an affidavit of indigence. That court denied filing pursuant to OCGA § 9-15-2 (d). Thomas then refiled the action in Glynn County. The trial court granted RGL's motion to adopt the prior order of the Superior Court of Ware County denying filing, and Thomas appeals.

We affirm. In several enumerations of error, appellant contends the trial court erred because of actions taken by the clerk of court. Although we are conscious of our responsibility to ensure access to the courts, particularly to pro se litigants, we are unable to address most of appellant's enumerations of error because she has based the majority of her contentions on facts which appear only in her brief. " 'We cannot consider facts, related by briefs, which do not appear in the record sent up from the clerk of the lower court.' [Cit.]" *Johnson v. Shield Ins. Co.,* 189 Ga. App. 333, 334 (375 SE2d 510) (1988). Rather, when resolution of the issue on appeal requires consideration of evidence, and "where the appellant fails to bring up a transcript or otherwise meet [her] burden of affirmatively showing error by the record, the judgment will not be disturbed." (Citations and punctuation omitted.) *Brown v. Thomas,* 191 Ga. App. 679, 680 (1) (382 SE2d 656) (1989).

We do address, however, appellant's contention that the trial court's order denying filing was untimely entered. Although appellant is technically correct that an order denying filing (as the trial court's order is denominated) was inappropriate because appellant had been allowed to file the action, and it had been answered, "[t]here is no magic in nomenclature; thus, in classifying the order of a trial court,

we will construe it to serve the best interests of justice, judging the order by its function rather than by its name. [Cit.]" *Howell Mill/ Collier Assoc. v. Pennypacker's,* 194 Ga. App. 169-170 (1) (390 SE2d 257) (1990).

Appellant's petition sought a declaration that she should not be required to make payments on a debt (the nature of which was not disclosed) because the payments exceeded her monthly income "after she has paid expenses for the necessities of life." The gist of appellee's motion was that appellant's claim was utterly lacking in merit and should be dismissed. Accordingly, we will treat the trial court's order as the grant of a motion to dismiss appellant's action for failure to state a claim. Treating it as such, we find no legal theory under which appellant could be granted the relief prayed for. " 'A correct decision of the trial court will not be reversed, regardless of the reasons given therefor.' [Cit.]" *Cleveland v. Williamson,* 194 Ga. App. 476, 477 (2) (391 SE2d 22) (1990). Accordingly, we affirm the trial court's order.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JUNE 5, 1991 —
RECONSIDERATION DENIED JULY 2, 1991 — 

Blyienaus M. Thomas, *pro se.*

*Nightingale, Liles, Dennard & Jordan, Christopher J. O'Donnell, Rita C. Spalding,* for appellee.

