## A01A2251. MARZULLO v. JIM ELLIS MOTORS, INC.
### (560 SE2d 309)

MIKELL, Judge.

In connection with his purchase of a 1999 Volkswagen Jetta automobile, Anthony J. Marzullo "traded in" a 1992 Ford Mustang. The dealer, Jim Ellis Motors, Inc. d/b/a Jim Ellis Volkswagen/Audi, gave Marzullo a "trade in" allowance of $3,800 for the Mustang. Marzullo signed documents indicating the mileage on the 1992 Mustang was approximately 32,000 miles, although the actual mileage exceeded 132,000 miles. Jim Ellis sold the Mustang to a third party for $5,305.49. Jim Ellis was forced to renegotiate the price on the Mustang when it learned the true mileage on the car and as a result reimbursed the third party $3,210.

Jim Ellis sued Marzullo for negligence, misrepresentation, breach of contract, and violation of OCGA § 40-8-5, which imposes a penalty of three times actual damages for the alteration of an odometer. The jury returned a verdict in favor of Jim Ellis and awarded $12,710 in actual damages, no damages for violation of OCGA § 40-8-5, and found that Jim Ellis was entitled to punitive damages. The trial court entered a judgment against Marzullo for $12,710, plus $3,210 in punitive damages, which was stipulated as to amount only by the parties.

Marzullo appeals the trial court's order denying his motion for a judgment notwithstanding the verdict, or in the alternative for a new trial. We find that the trial court erred in denying Marzullo's motion

for a new trial on the issue of damages, and we reverse, because the jury's verdict is not authorized by the evidence.

1. The trial court did not err in denying Marzullo's motion for j.n.o.v. A directed verdict is appropriate when there is no conflict in the evidence on any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a particular verdict.[1] Jim Ellis introduced evidence which supported each cause of action in its complaint. A directed verdict in favor of Marzullo would have been improper.

2. Marzullo argues that the damages are not authorized by the evidence, and that a new trial is demanded on the issue of damages. As indicated above, we agree.

OCGA § 51-12-12 (b) provides:

> If the jury's award of damages is clearly so inadequate or so excessive as to any party as to be inconsistent with the preponderance of the evidence, the trial court may order a new trial as to damages only, as to any or all parties, or may condition the grant of such a new trial upon any party's refusal to accept an amount determined by the trial court.

We recognize that as an appellate court "[o]ur role is not to enter the jury box."[2] Absent compelling evidence, we will defer to the ruling of the trial court on a motion for new trial based on inadequate or excessive damages.[3] "The trial court's decision on a motion for a new trial will be upheld on appeal unless it was an abuse of discretion."[4] Nevertheless, a verdict strongly against the weight of the evidence may require that we reverse the trial court's ruling on a motion for new trial.[5] Our reluctance to interfere is most pronounced if assigning damages to an injury requires discretion. For example, "appellate courts should be hesitant to second-guess verdicts where the damage award is based in any significant part on pain and suffering."[6] However, in the case sub judice, the injury alleged does not include pain and suffering, "discomfort, loss of peace of mind, unhappiness and annoyance,"[7] or any other type of injury which is not easily subject to calculation. Therefore, because the alleged damages do not include pain and suffering and because the record in this case is

---

[1] *Joiner v. Lane*, 235 Ga. App. 121, 122 (1) (508 SE2d 203) (1998).

[2] (Punctuation omitted.) *Moody v. Dykes*, 269 Ga. 217, 222 (6) (496 SE2d 907) (1998).

[3] Id.

[4] *Lisle v. Willis*, 265 Ga. 861, 864 (3) (463 SE2d 108) (1995).

[5] *Moore v. TCI Cablevision &c.*, 235 Ga. App. 796, 798-799 (2) (510 SE2d 96) (1998).

[6] *Joiner v. Lane*, 235 Ga. App. at 127 (5).

[7] (Punctuation omitted.) *Roddenbery Farms v. Leverich*, 192 Ga. App. 153 (384 SE2d 243) (1989).

quite transparent as to what occurred, we will address the motion for new trial regarding damages in this limited context.

The parties agree that, if the case was based only on a breach of contract, the verdict could not stand. "The measure of damages in the case of a breach of contract is the amount which will compensate the injured person for the loss which a fulfillment of the contract would have prevented or the breach of it entailed."[8] The jury was, however, given the case on theories of breach of contract, negligence, and misrepresentation. In its order denying Marzullo's motion for a new trial, the trial court stated as a reason for denying the motion that "the plaintiff's case went to the jury on several different legal theories, and . . . it is unclear upon which theories the jury found for the plaintiff."

Nevertheless, this verdict is no more sustainable under a claim for negligence or misrepresentation than it is under a claim for breach of contract. In tort, the rule remains that damages are compensatory in nature.

> If special damages resulted from the tortious act, the plaintiff would be entitled to recover this class of damages, if [it] alleged and proved this. General damages may be recovered without proof of any amount. This does not mean that the jury, in giving general damages for a tortious act, shall be permitted to act arbitrarily in the matter and find any amount, but they must observe the cardinal rule of law, which is that damages are given only as compensation for the injury done.[9]

Similarly, in an action for deceit, the measure of damages is compensatory: "If the aggrieved party sues in tort, the measure of damages remains the difference between what the property is actually worth and what it would have been worth if the property had been as represented."[10] While additional damages might be available for an intentional misrepresentation, these damages would be punitive in nature,[11] and the jury was restricted by the trial court and the special verdict form from including punitive damages in its award for actual damages.

The jury verdict under consideration is one for "actual damages," not for punitive damages or for treble damages under OCGA § 40-8-5.

---

[8] (Punctuation omitted.) *Crawford & Assoc. v. Groves-Keen, Inc.*, 127 Ga. App. 646, 650 (194 SE2d 499) (1972).

[9] (Citation omitted.) *Batson v. Higginbothem*, 7 Ga. App. 835, 837-838 (68 SE 455) (1910).

[10] Hertz and Bergethon, Ga. Law of Damages (2000 ed.), § 30-10, p. 536.

[11] See OCGA § 51-12-5.1 (b).

The only actual damages shown are monetary damages. Jim Ellis sold the 1992 Mustang for $5,305.49 based on it having 32,000 miles on the odometer, but was forced to return $3,210 to the third-party purchaser to reflect the true mileage on the car. Under the jury's verdict, Jim Ellis retains the $2,095.49 it ultimately gained from the sale of the car, plus $12,710 in actual damages.

No matter how these figures are viewed, the verdict, which is intended to be compensatory in nature, leaves Jim Ellis in a better position, and by a factor of three or four times, than if the 1992 Mustang was what Marzullo represented it to be and no tort or breach of contract had occurred. Even assuming the damages are general in nature, and therefore not subject to exact calculation and traditionally within the enlightened conscience of the jury,[12] the amount of the award cannot be considered compensatory in nature. If the damages are considered special damages, then the damages were not proven in the amount awarded.[13]

Jim Ellis points to the testimony of general manager William Farmer to show that it incurred additional special damages. Jim Ellis refers us to Farmer's testimony that he conducted business with an interest in maintaining the "dignity" of the dealership, and that he was embarrassed that the dealership mistakenly sold the Mustang as a lower mileage vehicle. We fail to see that this testimony, without more, can be an appropriate basis for awarding damages.

We can only conclude that the jury's verdict was in gross excess of the damages authorized by the preponderance of the evidence. The trial court's order denying Marzullo's motion for a new trial on the issue of damages must be reversed.

As a new trial must be held on the issue of damages, the jury will need to revisit the issue of punitive damages, and Marzullo's claim regarding the appropriateness of punitive damages is moot.

*Judgment reversed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 13, 2002.

*Dupree, Johnson, Poole & King, Michael S. Kimbrough, Downey & Cleveland, Joseph C. Parker, Robert C. Harrison*, for appellant.
*McCurdy & Stone, Douglas J. Hassinger*, for appellee.

---

[12] OCGA § 51-12-2 (a). See *Myrick v. Stephanos*, 220 Ga. App. 520, 521 (2) (472 SE2d 431) (1996).

[13] OCGA § 51-12-2 (b). See *Hughes v. Rhodes*, 111 Ga. App. 389, 393 (1) (141 SE2d 841) (1965) (special damages must be alleged and proven).